Filed 7/15/16  P. v. Alvarez CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ALVAREZ,<br><br>    Defendant and Appellant. | H042747<br>(Monterey County<br>Super. Ct. No. SS131262B) |

Defendant Daniel Alvarez pleaded no contest to two felony charges in September 2013, for which the trial court suspended imposition of sentence and placed Alvarez on three years of formal probation beginning on October 30, 2013.  The Monterey County District Attorney subsequently filed several separate petitions alleging violations of probation.  The petition on the third probation violation contained two allegations: (1) providing false information to a peace officer (Pen. Code, § 148, subd. (a)(1)),[1] and (2) associating with a known gang member.  Alvarez admitted the second allegation.  The trial court sentenced Alvarez to the maximum penalty under the original plea agreement of three years on the first count pleaded and eight months consecutive on the other count, but suspended execution of the sentence for three years from the date of Alvarez's original grant of probation.

Alvarez appeals from the judgment; he does not challenge the validity of the plea.  We appointed counsel to represent Alvarez in this court.  On appeal, his counsel has filed

_____

[1] Unspecified statutory references are to the Penal Code.

an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that Alvarez was notified that an independent review under *Wende* was being requested.  We advised Alvarez of his right to submit written argument on his own behalf within 30 days.  Thirty days have elapsed, and Alvarez has not submitted a letter brief.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## FACTUAL AND PROCEDURAL BACKGROUND

Monterey County sheriff deputies arrested Alvarez on June 20, 2013, for conspiring to conceal evidence.[2]  Alvarez's older brother was on probation and had been arrested the day before.  Deputies reviewing jail phone calls between Alvarez's brother and the brother's girlfriend understood the brother tell the girlfriend to relay a message to Alvarez to clean out any contraband in anticipation of a probation compliance search.  Alvarez's brother later contacted Alvarez and asked him if he had those "other things" and to call someone to pick them up.

The subsequent compliance search conducted at Alvarez's residence, which he shares with his brother and other family members, uncovered suspected methamphetamine stored in baggies in a hole cut into Alvarez's mattress in his bedroom, new plastic baggies, a digital scale, a gang related drawing, a gang notation scratched onto his cell phone, and red and green jerseys and clothing.  Text messages showed messages from Alvarez's brother's girlfriend to Alvarez, instructing him to conceal items

---

[2] The factual circumstances of the offenses subject to the plea are taken from the probation officer's report dated October 30, 2013, which is based on a report made by the Monterey County Sheriff.

2

of evidence. The deputies also found a semi-automatic pistol, unloaded and with an empty magazine in the dirt 40 feet from Alvarez's bedroom window.

Alvarez was transported to the sheriff's investigations office and placed into an interview room where he was read his *Miranda* rights. Alvarez admitted the methamphetamine was his for personal use but denied selling and did not have an explanation for the scale or packaging materials in his room. Alvarez also admitted the gun was his, for protection, and that he had thrown it from his bedroom window before the police arrived. He would not state where he got the gun, which was later determined to have been stolen in a residential burglary in Salinas. Alvarez admitted that he associated with Norteño gang members from Castroville, where Alvarez lived. The two baggies of suspected drugs tested presumptive positive for methamphetamine and had a net weight of 0.5 grams and 3.5 grams.

An information filed on July 12, 2013, charged Alvarez with the following: possession of a firearm by a felon (§ 29800, subd. (a)(1); count 1); conspiracy to commit a crime (§ 182, subd. (a)(1); count 2); possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 3); possession of a firearm and controlled substances (*id*., § 11370.1, subd. (a); count 4); and membership in a criminal street gang (§ 186.22, subd. (a); count 5). Counts 1 through 4 included a gang enhancement (§ 186.22, subd. (b)(1)), and count 5 included a special allegation of ineligibility for sentencing to imprisonment in county jail because of charges constituting a serious or violent felony (§ 1170, subd. (h)(3)).

Alvarez pleaded no contest to count 1 for possession of a firearm by a felon, with a gang enhancement, and to count 5 of membership in a criminal street gang, with a special allegation of ineligibility for sentencing to imprisonment in county jail. Alvarez was advised that the maximum penalty he could receive for the offenses would be three years eight months in prison, followed by a minimum of three years on parole. He also

was advised that count 5 would constitute a strike. Alvarez waived his right to appeal as a condition of his plea.

On October 30, 2013, the trial court suspended imposition of sentence and placed Alvarez on three years of formal probation. The court ordered that Alvarez serve 252 days as to count 1, with credit for 252 days. The court imposed no additional custody time as to count 5. Alvarez was required to register as a gang member (§ 186.30) and to comply with the conditions of his probation, including gang terms.

The Monterey County District Attorney thereafter filed several petitions, dated November 21, 2013, January 13, 2014, and January 12, 2015, alleging violations of Alvarez's probation conditions. The alleged violations included failure to register as a gang member within the time required after release from jail, possession of gang paraphernalia and colors, association with known gang members, and giving false information to a peace officer (§ 148, subd. (a)(1)).

The most recent petition, leading to the judgment at issue in this appeal, was filed on July 13, 2015 and alleged two probation violations: (1) that Alvarez had been arrested for resisting, delaying, or obstructing a peace officer (§ 148, subd. (a)(1)); and (2) that he was associating with a known gang member and probationer.

According to the probation report, two deputies approached a group behind an apartment complex, one of whom they recognized was on probation and had gang affiliations. As the first deputy approached, someone yelled "Cops" and the group scattered. Alvarez, who had been with the group, jumped over a concrete retaining wall and crouched behind a vehicle, where a deputy found him. Nearby was a red polo shirt and white hat. Alvarez admitted to possession of the white hat but not the polo shirt. He was detained and transported to county jail. Upon questioning, Alvarez explained that he had just finished work and had gone to cash his check when he ran into the individual recognized by the deputies. He had stopped to talk when the deputies arrived. He denied knowing the individual had a gang affiliation but admitted that he knew the individual

4

was on probation. Alvarez stated that he felt he was in the wrong place at the wrong time. He regretted running from the police but was scared of going to jail. Alvarez had been gainfully employed since his release from custody in late March 2015, had registered as a gang member, and was attending the Monterey County Day Reporting Center.

Alvarez appeared before the trial court on July 24, 2015, in connection with the July 13, 2015 petition of probation violation. Counsel informed the court that Alvarez would admit the second allegation of the petition, and the first allegation would be dismissed. The trial court advised Alvarez that admitting the probation violation would waive his right to a formal hearing on the allegation. The court also advised Alvarez of the maximum penalty term that could be imposed of three years eight months. Following the trial court's admonitions, Alvarez admitted that he had violated his probation by associating with a known gang member. The trial court accepted Alvarez's admission and waiver and referred the matter for sentencing.

The supplemental probation report noted that the subject violation was Alvarez's third probation violation since starting his probation on October 30, 2013. Yet the report also noted Alvarez's youthful age and successful efforts to remain gainfully employed and to attend the day reporting center. The probation report recommended imposing a prison sentence and suspending execution for the remainder of the probationary period.

At the September 2, 2015 sentencing hearing on the probation violation, defense counsel argued against imposition of a prison sentence. Counsel urged the trial court to consider Alvarez's consistent daily reporting and work record, and his admission that "he did mess up in this particular instance." In mitigation of any sentencing considerations, defense counsel pointed to Alvarez's youthfulness, the fact that he had no prior record before this case, the early resolution of the case before a preliminary hearing, and the contributing factor of substance abuse issues. Defense counsel requested the low term for both charges if a sentence was to be imposed.

The trial court explained to Alvarez that he had been given several chances.  As to count 1, possession of a firearm by a felon, the court sentenced Alvarez to the upper term of three years.  As to count 5, membership in a criminal street gang, the court sentenced Alvarez to one-third the midterm of eight months, for a total sentence of three years eight months.  The court suspended imposition of sentence and ordered supervised probation with certain modifications to the original terms and conditions.  The court also ordered Alvarez to serve 365 days in the county jail, with 365 days of credits for time served.

Alvarez filed a timely notice of appeal.  We have conducted an independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly*, *supra*, 40 Cal.4th 106.  We conclude there are no arguable issues on appeal.

**DISPOSITION**

The judgment is affirmed.

_____
                    Premo, J.

WE CONCUR:

_____
        Rushing, P.J.

_____
        Elia, J.